AMY K. WELCH
The Law Offices of William R. Satterberg, Jr.
709 Fourth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4454
Fax: (907) 452-3988
Email: office@satterberg.net
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ATCHAREE BUNTOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. _____ |

## COMPLAINT FOR DAMAGES UNDER FTCA

Plaintiff, Atcharee Buntow ("Plaintiff") by and through her attorney, The Law Offices of William R. Satterberg, Jr. alleges against the Defendant, United States of America, ("Defendant"), as follows:

### I.  INTRODUCTION

1. The claims herein are brought against the Defendant United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b), for money damages as compensation for loss of property and personal

injuries which were caused by the negligent and wrongful acts of a United States Government employee, while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Alaska.

2. Plaintiff fully complied with the provisions of the FTCA, 28 U.S.C. § 2675 by timely filing Standard Form 95 with supporting materials with the appropriate Federal Agency, the United States Postal Service within two years of the date of the incident. *See Exhibit 1*, Standard Form 95 (without attachments).

3. On May 26, 2020, the United States Postal Service declined to settle the claim administratively, but has yet to issue a formal denial of the claim. More than six months has passed since Plaintiff filed her administrative claim. *See Exhibit 2*, USPS Letter (substantive settlement discussions redacted). This matter is thus ripe for adjudication pursuant to 28 U.S.C. § 2675(a).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1346(b).

5. This Court has personal and subject matter jurisdiction over the Defendant pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

6. Venue is proper with this District under 28 U.S.C. §§ 1391(e), 1402(b) because the acts that are the subject of this Complaint occurred within this District and Plaintiff resides within this district.

### III. PARTIES

7. At all times relevant to this Complaint, Plaintiff was a resident of Fairbanks, Alaska.

8. At all times relevant to this Complaint, Jeri Ann Carpenter, employed by and/or acting on behalf of Defendant, was an employee of the United States Postal Service.

9. At all times relevant to this Complaint Jeri Ann Carpenter was acting within the course and scope of her federal employment. *See* 28 U.S.C. §§ 1346(b)(1), 2675, 2672, 2679.

10. Defendant is liable for Plaintiff's personal injuries and loss of property caused by the negligent or wrongful acts or omissions of its employees

### IV. EVENTS FORMING THE BASIS OF THE CLAIMS

11. On or about February 26, 2018, Plaintiff was a restrained driver, operating her vehicle on Chief Thomas Drive in Fairbanks, Alaska.

12. A United States Postal Service vehicle being operated by Jeri Ann Carpenter was driving down Chief Thomas Drive in the opposite direction of Plaintiff. As

Ms. Carpenter approached a curve in the road, she lost control of the United States Postal Service vehicle and collided with the front driver's side of Plaintiff's vehicle.

13. Jeri Ann Carpenter was subsequently issued a citation for Failure to Exercise Due Care to Avoid a Collision in violation of 13 A.A.C. 02.545(b). On February 28, 2018, Ms. Carpenter entered a no contest plea in *State of Alaska v. Jeri Ann Carpenter*, case number 4FA-18-00840MO.

## V. CAUSES OF ACTION

### COUNT I: NEGLIGENCE AND NEGLIGENCE PER SE

14. Plaintiff hereby reincorporates and re-alleges paragraphs 1–13 above and further alleges as follows:

15. On or about February 26, 2018, a culpable agent for Defendant failed to exercise due care while operating a USPS vehicle by failing to exercise due care to avoid a collision.

16. On or about February 26, 2018, a culpable agent for Defendant was negligent *per se,* and violated rules, regulations, codes, and/or statutes designed to protect persons such as Plaintiff from the type of harm she suffered. These rules include 13 A.A.C. 02.545(b) (drivers to exercise care).

17. As the direct and proximate result of Jerri Ann Carpenter's negligence and negligence *per se*, Plaintiff suffered numerous physical injuries, including neck pain, mid back pain, and lower back pain.

18. As the direct and proximate result of Jerri Ann Carpenter's negligence and negligence *per se*, Plaintiff experienced pain, suffering, inconvenience, physical impairment, loss of enjoyment of life, anxiety, emotional distress, and other nonpecuniary damages.

## VI. DAMAGES

19. Plaintiff hereby reincorporates and re-alleges paragraphs 1–18 above and further alleges as follows:

20. At all relevant times, Plaintiff's actions were reasonable and prudent. Additionally, Plaintiff has mitigated her damages as required by law.

21. Plaintiff has undergone medical treatment to alleviate symptoms of pain as a result of her injuries. Plaintiff's related medical bills have exceeded $20,327.11. Treatments provided to Plaintiff by health care providers have at all times been reasonable and within the standard of care for injuries sustained in the February 26, 2018, wreck.

22. Plaintiff's treating physician referred Plaintiff for a surgical consult. Unfortunately, due to unavailability of her own insurance, and not being able to afford a surgical consult out of pocket, Plaintiff has been unable to be evaluated.

23. Prior to the February 26, 2018, wreck Plaintiff had been an unemployed single mother who was focused on caring for her five children. When Plaintiff was a part of the workforce, she worked as a waitress/server. If Plaintiff re-entered the work force,

she could reasonably anticipate earning $18.85 per hour. Plaintiff's earning capacity is $38,454.00 annually (calculated at an average of 2,080 hours per year, or $18.84 times 40 hours/week times 52 weeks/year). Plaintiff has been unable to re-enter the work force due to the debilitating pain caused by this wreck. As such, Plaintiff is entitled to a minimum of $76,908.00 for two years of lost earning capacity, in addition to future lost earning capacity.

24. Additionally, Plaintiff has suffered non-economic damages compensable under Alaska Statue 09.17.010, consisting of pain, suffering, inconvenience, physical impairment, loss of enjoyment of life, and other nonpecuniary damage.

25. On November 4, 2018, Plaintiff submitted an Amended Standard Form 95 to the USPS Tort Claims Accounting Service Center claiming $20,327.11 in past medical damages, $211,610.00 for future medical damages, $200,000.00 in pain and suffering damages, $200,000.00 in loss of enjoyment of life damages, and $63,603.84 in loss of earning capacity damages, for a sum certain personal injury claim of $695,540.95.

26. No person or entity not presently identified in the caption of this matter is responsible for any damages sought by Plaintiff under Alaska Statute 09.17.080.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff does hereby pray that judgment be entered in her favor against the Defendant as follows:

1. For Plaintiff's economic and non-economic damages, including, without limit, physical injuries, past, present, and future medical damages, pain, suffering, inconvenience, physical impairment, loss of enjoyment of life, anxiety, emotional distress, and other nonpecuniary damages.

2. For costs and attorney fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

RESPECTFULLY SUBMITTED this __24th__ day of September, 2020.

THE LAW OFFICES OF
WILLIAM R. SATTERBERG, JR.

/s/ Amy K. Welch
Amy K. Welch
Alaska Bar No. 1409064